UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHARONE ZEHAVI,<br><br>    Plaintiff,<br><br>v.<br><br>NETA REEF,<br><br>    Defendant. | Case No. 18-cv-06394-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE**<br><br>Re: Dkt. No. 9 |

Presently before the Court is Defendant Neta Reef's ("Defendant") Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. For the reasons discussed below, the Court DENIES Defendant's Motion to Dismiss.

**I. Background**

Plaintiff Sharone Zehavi ("Plaintiff") first hired Defendant in 2010 while Defendant, an Israeli lawyer, was pursuing a degree at the University of San Francisco. Dkt. No. 9, Exhibit A ¶¶ 4, 5. In 2013, Defendant returned to Israel but continued working for Plaintiff. *Id..* at ¶ 6. In 2014, Plaintiff and Defendant formed Solatics, Ltd. ("Solatics") to continue their collaboration. *Id.* at ¶¶ 11, 12. Plaintiff and Defendant decided together to incorporate Solatics in Israel and agreed that Plaintiff "would continue living and working in California and would control the business from California" while Defendant would continue working for the company in Israel. *Id.* As their collaboration continued, Plaintiff gave Defendant a larger share of the business. *Id.* at ¶¶ 18-28. In 2018, Plaintiff learned that Defendant made false representations to him regarding a project in Israel, had concealed payments Solatics received for the project, and transferred patents

Case No.: 18-cv-06394-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE
1

assigned to Solatics without consent. Id. at ¶¶ 29-33. Defendant has since resigned from Solatics. Id. at ¶ 34

On August 30, 2018, Plaintiff filed a complaint in the Santa Clara County Superior Court against Defendant. *See* Dkt. No. 9, Exhibit A. The Complaint alleges three causes of action: fraud, negligent misrepresentation, and unjust enrichment. Plaintiff seeks damages in the amount of $1,500,000 relating to commercial transactions conducted through their joint business Solatics. *Id.* at ¶¶ 2, 47, 55, and 58.

On September 20, 2018, Plaintiff attempted to served Defendant "with the Summons and Complaint by personal delivery of a plain unmarked" envelope at Defendant's home address in Israel. Dkt. No. 9 at 3. On October 19, 2018, Defendant filed a Notice of Removal to remove the action from the Santa Clara Superior Court to this court pursuant to 28 U.S.C. §§1334, 1441, and 1446. *Id.* Defendant moves to dismiss this action pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with Rule 4(f) of the Federal Rules of Civil Procedure and the Hague Convention requirements for service upon a foreign national. Plaintiff counters that this motion is moot because "Plaintiff has begun the process of serving Defendant under the Hague Convention requirements." Dkt. No. 11 at 2. As of February 6, 2019, Plaintiff has submitted all documents required to the Israeli Central Authority and is now waiting for service upon Defendant. Dkt. No. 13 at 1-2.

## II. LEGAL STANDARD

A court can only assert jurisdiction over a defendant when the procedural requirements of effective service of process are satisfied. *S.E.C. v Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). A court may dismiss a complaint if there is insufficient service of process upon a defendant. Fed. R. Civ. P. 12(b)(5). The sufficiency of service on a defendant prior to removal from a state court is determined based upon state law. *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011). The post-removal service of process for an action originally filed in state court and later removed to federal court is governed by federal law. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).

Case No.: 18-cv-06394-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE
2

California Code of Civil Procedure section 413.10 provides that its rules governing service of individuals outside of the United States are "subject to the provisions of the Convention on the 'Service Abroad of Judicial and Extrajudicial Documents' in Civil or Commercial Matters." Cal. Civ. Proc. Code § 413.10(c) (West). Rule 4(f) of Federal Rules of Civil Procedure provides that an individual may be served at a place not within the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1) (West). Any service upon an individual outside of the United States must comply with the Hague Convention and any failure to comply with the Hague Convention voids the attempted service. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 108 S. Ct. 2104, 2108 100 L. Ed. 2d 722 (1988).

The Hague Convention does not specify a time limit for effecting service of process. *Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1077 (9th Cir.1999). In addition, the Rule 4(m) requirement that a complaint be served within 120 days after filing does not apply to service in a foreign country. *Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir. 1991). However, a court may impose a reasonable time limit for service upon a foreign defendant when complying with the Hague Convention. *Sport Lisboa e Benfica - Futebol SAD v. Doe 1*, No. CV 18-2978-RSWL-E, 2018 WL 4043182, at *4 (C.D. Cal. Aug. 21, 2018).

### III. Discussion

Plaintiff contends the issue of insufficient service is moot since Plaintiff is in the process of complying with the Hague Convention requirements. Thus, Plaintiff implicitly concedes that the September 20, 2018 attempted personal service is ineffective and does not comply with the Hague Convention requirements. As such, the issue in this case is whether dismissal of the action is the appropriate remedy for insufficient service.

Defendant contends that Plaintiff knew from the start of the action that Defendant is a foreign national and Plaintiff should have complied with the Hague Convention. Although Defendant's argument is reasonable, dismissal of the action is not warranted. Plaintiff can still

Case No.: 18-cv-06394-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE

3

serve the Defendant pursuant to the Hague Convention requirements because neither the Hague Convention nor the Federal Rules of Civil Procedure place a deadline on the completion of service. *Broad*, 196 F.3d at 1077. Moreover, Plaintiff has taken steps to comply with the Hague Convention. Dkt. No. 11 at 2. Dismissal of an action should only be ordered in extreme circumstances because it is such a "harsh penalty" for insufficient service when the service can be remedied. *Miller v. Int'l Bus. Machines Corp., (IBM)*, 138 F. App'x 12, 17 (9th Cir. 2005).

## IV. Conclusion

For the reasons set forth above, the Court DENIES Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Dated: February 25, 2019

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 18-cv-06394-EJD
ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE
4